*FILED*

2008 MAY 28 AM 11: 38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*159*

*09*

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   VINCE CHHABRIA, State Bar #208557
3  Deputy City Attorneys
   City Hall, Room 234
4  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-4674
   Facsimile:     (415) 554-4747
6  E-Mail:        vince.chhabria@sfgov.org
   Attorneys for Defendants
7  DR. EUGENE HOPP, et al.

8  CHRISTOPHER HO, State Bar #129845
   THE LEGAL AID SOCIETY EMPLOYMENT
9          LAW CENTER
10 600 Harrison Street, Suite 120
   San Francisco, CA  94107
11 Telephone:     (415) 864-8848
   Facsimile:     (415) 864-8199
12 Attorneys for Plaintiffs
              LAU, et al.

13 JEREMIAH GLASSMAN, D.C., State Bar #172395
   EMILY H. MCCARTHY, D.C., State Bar #463447
14 United States Department of Justice
   Civil Rights Division
15 Education Opportunities Section
   950 Pennsylvania Avenue, N.W.
16 Washington, D.C.  20530
   Telephone:     (202) 514-4092
17 Facsimile:     (202) 514-8337
   Attorneys for Plaintiff-Intervenor
18 UNITED STATES OF AMERICA

19              UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21 _____ LAU, et al.,          Case No. C70-0627 CW

22         Plaintiffs,                    **SUBSEQUENT CASE MANAGEMENT
                                          STATEMENT [CIVIL L.R. 16-10(d)]**
23      vs.
                                          Date:      June 10, 2008
24 DR. EUGENE HOPP, et al.,               Time:      2:00 p.m.
                                          Place:     Courtroom 2
25         Defendants.

26 UNITED STATES OF AMERICA,

27         Intervenors.

28

**INTRODUCTION**

The Consent Decree in the above-captioned matter seeks to ensure that the San Francisco Unified School District ("District" or "SFUSD") provides English Learners ("ELs") with meaningful access to its educational programs. A Master Plan was adopted in 1975 for the purpose of achieving this goal. The parties to this litigation, including the School District, agree that more must be done to ensure that ELs benefit from the District's educational programs. They also agree that the Master Plan adopted in 1975 is out of date, and that the first step towards revitalizing the Consent Decree is the creation of a new Master Plan.

The District has drafted a new Master Plan and is in the process of receiving input from the parties and the public. A vote by the San Francisco Board of Education to adopt a final version of the Plan (subject to the approval of the Court) is tentatively scheduled for the evening of June 10, 2008 – the same date as this case management conference. Accordingly, the parties will be prepared at the conference to discuss further with the Court how best to proceed.

**BACKGROUND**

In 1970, a class of non-English speaking Chinese students filed suit against the San Francisco Unified School District ("District" or "SFUSD"), alleging that the District was violating Title VI of the Civil Rights Act 1964 and the federal Equal Protection Clause by failing to establish and implement programs to provide the students with meaningful access to the instructional program. The United States Department of Justice ("USDOJ") intervened as a plaintiff. In 1974, the United States Supreme Court ruled in favor of the plaintiffs on their Title VI claim and remanded for appropriate relief. *See Lau v. Nichols*, 414 U.S. 563, 568-569 (1974).

In 1976, the parties entered into a Consent Decree ("Decree"), which is attached hereto as Exhibit A. The Decree required the District to adopt programs designed to improve the language skills of English Learners ("ELs") and to create bilingual and other programs designed to ensure that ELs would enjoy meaningful access to the educational curriculum. Ex. A at 2-3. To facilitate compliance, the Decree mandated the creation of the Bilingual Community Council ("BCC"), a District entity composed of members appointed by the Board of Education, which is "charged with the responsibility for assisting in monitoring the plan." *Id.* at 5. The Decree also required the District

1    to submit an annual progress report to the Court, which was to be prepared with the assistance of the

2    BCC. *Id.*

3    Since adoption of the Decree, the District has submitted reports to the Court, and continued to

4    do so after the retirement of the Judge previously assigned to the case, the Honorable Lloyd H. Burke.

5    On August 24, 2006, Chief Judge Vaughn R. Walker ordered the parties to show cause why the

6    District should not be relieved from the reporting requirement. Ex. B at 1-2.

7    To assess whether the reporting requirement should be lifted, the parties conducted a

8    preliminary assessment of the District's current multilingual education programs.  This included

9    meetings among the District, the BCC, plaintiffs' counsel and the USDOJ, as well as site visits to

10   eight schools.  Following this preliminary review, the parties submitted responses to Chief Judge

11   Walker's order to show cause.  In these submissions, the parties agreed that more must be done to

12   ensure compliance with the Decree, and agreed upon the following procedure:

13   *First*, the parties agreed that a more comprehensive evaluation of the District's multilingual

14   programs was required.  To that end, the parties conducted additional meetings and site visits.

15   *Second*, the parties agreed that following this comprehensive assessment, a new plan would be

16   adopted for implementation of the Consent Decree's goal that ELs be provided meaningful access to

17   the District's educational programs.  The Decree incorporates by reference the District's Master Plan

18   for Bilingual-Bicultural Education, but that Plan was drafted in 1975 and is out of date.

19   *Third*, the parties agreed that once a new plan is adopted, there should be continued

20   monitoring by the BCC, the Plaintiffs and the USDOJ, and the Court should retain jurisdiction over

21   the matter until the District has demonstrated a good faith effort to implement the plan for a

22   reasonable period of time.

23   *Fourth*, the parties agreed that the matter should be assigned to an active judge of this Court.

24   On February 20, 2007, Chief Judge Walker, in response to the parties' submissions, issued an

25   order directing the clerk to re-assign the matter to an active judge.  *See* Ex. C, attached.  The matter

26   was assigned to this the Honorable Martin J. Jenkins, who held a case management conference in

27   May 2007 and agreed with the parties' proposed approach as set forth above.

28

1    A subsequent case management conference took place in front of Judge Jenkins on January

2  30, 2008.  By that time, the District had drafted a detailed outline designed to form the basis for the

3  creation of a new Master Plan, which it submitted to the Court.  The parties agreed that the outline

4  represented a good faith effort on the District's part to meet its obligations under the Consent Decree,

5  although the plaintiffs did identify several areas in which further specificity is required or more

6  significant reform is needed.  The District agreed in principle with all of plaintiffs' suggestions, and

7  pledged to address those issues during the process of drafting the new Master Plan.  The District also

8  received similar comments from the BCC, which it also pledge to address when drafting the new

9  Master Plan.

10    On February 19, 2008, the case was reassigned to this Court.  The Court scheduled a case

11  management conference for June 10, 2008.

12    ## RECENT ACTIVITIES AND FURTHER SCHEDULING

13    The following has taken place since the January 30th case management conference:

14    • The District created a draft of a new Master Plan

15    • The District sent the draft to the parties and to the BCC, and received comments

16    • The District held four public hearings on the draft, including one at the regular

17      meeting of the BCC, and one at the regular meeting of the District English Learner

18      Advisory Committee ("DELAC")

19    • The District created a second draft after incorporating comments from the parties, the

20      BCC and the public

21    • The District held a hearing before the San Francisco Board of Education on the second

22      draft on May 27, 2008, at which further public comment was taken

23    As of the date of this filing, the District is awaiting comments from the parties on the second

24  draft.  Upon receiving those comments, the District will create a final draft.  The Board of Education

25  is tentatively scheduled to vote on whether to adopt the final draft (subject, of course, to the Court's

26  approval) on the evening of June 10, 2008 – the same date as this case management conference.

27  Accordingly, at the case management conference, the parties will be prepared to discuss further with

28  the Court how best to proceed.

1   Dated:  May 28, 2008

2

3                                     By:

4                                          VINCE CHHABRIA
                                           Attorneys for Defendants
                                           DR. EUGENE HOPP, et al.

5   Dated:  May 28, 2008

6

7                                     By: Chris Ho (vc)

8                                          CHRISTOPHER HO
                                           Attorneys for Plaintiffs
9                                          KINNEY KINMON LAU, et al.

Dated:  May 28, 2008

10

11

12                                    By: Jeremiah Glassman (vc)

                                           JEREMIAH GLASSMAN
13                                         Attorneys for Intervenors
                                           UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

ORIGINAL
F I L E D

OCT 2 2 1976

CLERK, U. S. DIST. COURT
SAN FRANCISCO

IN THE UNITED STATES DISTRICT COURT.

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KINNEY KINMON LAU, et al.,

        Plaintiffs,

    and

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

    vs.

DR. EUGENE HOPP, et al.,

        . Defendants.

] Civil No.: C-70-627 LHB

CONSENT DECREE

On January 21, 1974 the United States Supreme Court determined that the defendants were in violation in Title VI of the Civil Rights Act of 1964, and the implementing regulations of the Department of Health, Education and Welfare, for its failure to provide special programs designed to rectify the English language deficiency of Chinese students who do not speak or understand English, or are of limited English-speaking ability, and for its failure to provide equal access of these students to the school district's instructional program. The Supreme Court remanded the case to this Court for the fashioning of appropriate relief, directing the Board of Education "to apply its expertise to the problem and rectify the situation." Lau v. Nichols, 414 U.S. 563 (1974).

On or about May 17, 1974, the Court was informed that the defendants had contracted with the Center for Applied Linguistics to provide technical assistance in the preparation of a Master Plan in response to the Supreme Court decision. At the same time, a Citizens' Task Force consisting of representatives of the San Francisco community was established by the school district to assist the Center. In May 1975, the Task Force submitted "A Master Plan for Bilingual-Bicultural Education in the San Francisco Unified School District" to the defendant Board. On March 25, 1975, the defendant Board approved this plan by a resolution which made some modifications to the Master Plan. The four volume plan and the March 25, 1975 Board Resolution were submitted to the Court by the defendants on May 30, 1975.

1

1    In adopting the plan, the Board Resolution directed the Superintendent

2  provide the Board with necessary data to implement the Master Plan by September

3  1975. On May 20, 1975, the Bilingual Department of the SFUSD submitted to the

4  Board a "Status Report, Bilingual Master Plan Implementation for 1975-76."

5    The parties to this case, being desirous of implementing a solution to

6  the subject matter of this action without the expense of litigation, have agreed

7  to entry of this decree, and the Court being of the opinion that entry of this

8  decree will effectuate the mandate of the Supreme Court in this case.

9    IT IS ORDERED, ADJUDGED AND DECREED:

10    1.  The San Francisco Unified School District (hereinafter SFUSD) shall

11  implement the Master Plan for Bilingual-Bicultural Education, as approved by

12  the March 25, 1975 modifying Resolution of the School Board, filed with the

13  Court on May 30, 1975 for the Chinese, Filipino and Spanish language groups of

14  the SFUSD. The SFUSD shall implement other special programs and English as

15  a Second Language Instruction (ESL) as defined in the reports submitted in

16  accordance with paragraph 3(a) herein for the non and limited English speaking

17  students of the other language groups of the SFUSD.[1]  Wherever feasible, the

18  other language group students shall receive the bilingual instruction.  When-

19  ever a language group may be defined as major in accordance with the formula

20  to be reported in accordance with paragraph 3j herein, the SFUSD shall implement

21  the bilingual program of the Master Plan for that language group.

22    2.  On or before November 15, 1976, the SFUSD shall adopt and submit to

23  the Court a report setting forth a timetable with specific dates indicating

24  when various aspects of the plan will be fully implemented.  Such a report may

25  parallel the Timelines in the Master Plan (Vol. 3b, p. 325), but in any event

26  should include specific dates for full implementation of each aspect of the

27

28

29    [1]The SFUSD has more than 18 distinct language groups.  In their 1976-77
   application for funds under the Emergency School Aid Act the SFUSD identified
30   13,353 non and limited English speaking students.  The Chinese language group
   contained 5,318 students; the Filipino language group contained 2,282 students;
31   and the Spanish language group contained 3,303 students.  These three language
   groups contained 10,903 students or 82% of the SFUSD's non and limited English
32   speaking students; and for the purposes of interpreting the Master Plan are
   presently considered major language groups by the SFUSD.

2

1   plan.  The report shall also include annual projections of the number, by

2   language group, of non and limited English speaking students to be enrolled in

3   the bilingual classes of the SFUSD who are not presently in bilingual classes

4   and who wish to be in bilingual classes.

5        3.  The progress made in implementing the plan will be reported annnually

6   by the defendants to the Court, with copies to be served on counsel for each

7   of the parties.  The first report shall be filed by November 15, 1976 and

8   thereafter on each November 15, until further order of this Court.  The defendant

9   shall maintain records reflecting semiannual changes in the  student enrollments

10  of the programs enumerated in paragraph 1, and of the number of non and limited

11  English speaking students in the SFUSD.  The report shall contain the following

12  information:

13       a.  A detailed report on the status of the priorities

14       and objectives for implementing the Master Plan, as outlined

15       in the Status Report, Bilingual Master Plan Implementation

16       for 1975-76, dated May 20, 1975.

17       b.  The number of students by language group[2] whose

18       primary or home language is other than English, and the

19       number of students by language group who have been

20       determined as non or limited English speaking, by school

21       and by grade.  An explanation of how these determinations

22       were made shall be included.

23       c.  The number of non and limited English speaking

24       students by language group, grade and school assigned to:

25       (1) bilingual classes; (2)other special programs designed

26       to rectify their English language deficiency; and (3) to

27       ESL classes.  The SFUSD shall provide a detailed description

28       of the other special programs of (2) and the ESL programs

29       of (3).

31       [2]The term "language group" shall mean the specific language of the
student, and shall not be listed in a categorical manner such as "other
white" or "other non-white."

d.  The number of non and limited English speaking students by language group, grade and school who are not participating in the bilingual classes or programs specified in paragraph 3(c) above.

e.  The number of English-dominant students by race and ethnic origin that participate in each class of the bilingual classes or programs specified in paragraph 3(c) above.

f.  A description of the manner in which non and limited English speaking students, and English dominant students, are recruited and assigned to the bilingual classes, and other programs specified in paragraph 3(c) above.

g.  The total number of faculty and staff by language group who are bilingual, and have the ability to instruct in a language other than English; and the number of faculty and staff by language group teaching bilingual classes; and the number who are certified by the State of California to teach in bilingual programs.

h.  The number of teacher aides by language group assigned to bilingual classes; and the number who are certified by the State of California to teach in bilingual programs.

i.  The number of new faculty and staff hires who are bilingual and have the ability to instruct in a language other than English.

j.  A description of the method for determining "major" and "other" language groups in the SFUSD, and an identification of which language groups have been determined "major" and "other."

k.  Identification of the schools containing "model bilingual programs" for "major" language groups in the district, and of schools containing "satellite bilingual classes," as described in the Master Plan.

///

4

1    4. The SFUSD shall establish a Community Council charged with the

2  responsibility for assisting in monitoring the plan. The function of the Council

3  shall be advisory in nature, and its members shall be appointed by the Board

4  of Education. The Council may include parents of children in the affected

5  programs, parents of children not in affected programs, as well as other

6  interested members of the community. This Council shall be fully operative

7  within sixty days of this order.

8         a. The SFUSD shall enlist the assistance of the

9         Council in filing an annual progress report. The Council

10        may prepare and simultaneously file a minority report

11        discussing the progress   made in implementing the Master

12        Plan, and recommendations for any changes or modifications

13        in implementing the Master Plan.

14        b. The SFUSD is directed to assist the Council in

15        performing its responsibilities under this paragraph. The

16        SFUSD will provide an appropriate location for the Council

17        to meet on a regular basis; and will provide clerical

18        assistance to the Council for typing the Council's annual

19        report.

20    5. The parties to this action may file objections with this Court to

21  the progress or manner of implementation of the Master Plan or the programs

22  defined in paragraph 1 as reported by the SFUSD. Such objections shall state

23  specifically the facts and reasons upon which such objections are based. The

24  SFUSD shall have thirty days in which to respond, and if the parties are unable

25  to resolve the matter, the Court, upon application of any party, shall hold

26  a hearing on the objections and determine whether the SFUSD has complied with

27  this order. The SFUSD shall make available for inspection and copying all

28  records relating to matters covered by the Annual Report, and shall provide such

29  other information relating to the implementation of the Master Plan as is

30  reasonably necessary to evaluate the progress of implementation of the Master

31  Plan.

32  ///

5

6.  This Court retains jurisdiction of this action for all purposes, including the entry of such additional orders as may be necessary or proper.

So ordered this         day of                    1976.

LLOYD H. BURKE

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:


_____
JEREMIAH GLASSMAN
United States Department of Justice for Plain-
tiff-Intervenor United States of America


_____
EDWARD H. STEITHMAN
KENNETH HECHT for Plaintiff
KINNEY KINMON LAU, et al.


_____
GEORGE E. KRUEGER for
Defendant San Francisco Unified School District

# Exhibit B

FILED
SF USD
LEGAL OFFICE

'06 23  PM 3 03

FILED

2006 AUG 24  AM 11: 02

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NR. DIST OF CA.

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KINNEY KINMON LAU, et al,                    No C C-70-627 LHB

        Plaintiffs,
                               ORDER

       v

DR EUGENE HOPP, et al,

        Defendant.

_____/

      It has come to the attention of the undersigned chief judge
that the San Francisco Unified School District (SFUSD) has continued to
file with the court annual reports pursuant to a consent decree in this
matter long after the retirement of the judicial officer to which
this matter was assigned, Judge Lloyd H Burke.  Inquiries revealed
that SFUSD's practice in the years since Judge Burke left the court
was to direct the delivery of the report to the district judge on
duty at the time of each filing.  Meanwhile, the clerk's office has
continued to docket the filings with those of visiting and retired
judges.

\\



1    The status quo may satisfy requirements of form, but is

2    empty of substance. SFUSD is dutifully filing reports, but no

3    judicial officer is attending to the consent decree compliance

4    issues that the reports are intended in part to address. The fact

5    that the parties have been content with this status quo suggests

6    that the court may no longer be serving any useful role.

7        Accordingly, the parties are now ordered to show cause,

8    within thirty (30) days of the date of this order, why the court

9    should not issue an order relieving SFUSD of any further

10   responsibility for reporting to the court under the consent decree

11   herein. If any party believes that the court's continued oversight

12   is necessary, it shall explain the nature of said oversight and

13   estimate for how long it believes said oversight will be necessary.

14       A chambers copy of any court paper filed in response to

15   this order shall be directed to the chambers of the undersigned

16   judge.

17

18       IT IS SO ORDERED.

19

20

21

22   VAUGHN R WALKER
     United States District Chief Judge

23

24

25

26

27

28

For the Northern District of California

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA


KINNEY KINMON LAU, et al.,                  Case Number: C70-0627 LHB

                    Plaintiff,              **CERTIFICATE OF SERVICE**

      v.

DR. EUGENE HOPP, et al.,

                    Defendant.      _____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Angela Miller
Deputy General Counsel
SFUSD
555 Franklin St., 3rd Floor
San Francisco, CA 94102

Jeremiah Glassman
U.S. Dept. of Justice
Civil Rights Division
Educational Opportunities Section, PHB
950 Pennsylvania Ave., NW
Washington, DC 20530

Edward H. Steinman
Santa Clara University School of Law
500 El Camino Real
Bergin 212
Santa Clara, CA 95053

Christopher Ho
Legal Aid Society of San Francisco
600 Harrison St., #120
San Francisco, CA 94107


                              Richard W. Wieking, Clerk

                              BY: _____
                                    Deputy Clerk

                                    8/24/06

Exhibit  C


**FILED**

FEB 2 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KINNEY KINMON LAU, et al,                    No    C 70-627 LHB

       Plaintiffs,                              ORDER

     v

DR EUGENE HOPP, et al,

       Defendant.

_____/


     The San Francisco Unified School District (SFUSD) has
continued to file with the court annual reports pursuant to a
consent decree in this matter long after the retirement of the
judicial officer to which this matter was assigned, Judge Lloyd H
Burke.  On August 24, 2006, the undersigned chief judge ordered the
parties to show cause why the court should not issue an order
relieving SFUSD of any further responsibility for reporting to the
court.
     The parties have responded.  Plaintiff Lau and plaintiff-
intervenor United States request continued reporting by SFUSD and

1  request that this action be referred to an active judge of this
2  district to allow for necessary judicial oversight during final
3  resolution of this case.  SFUSD does not object to a continuation
4  of the reporting requirement and does not object to assignment of
5  the matter to an active judge. Accordingly, the clerk is DIRECTED
6  to re-assign the case to a United States district judge selected at
7  random from the active and senior judges of the court.

8
9      SO ORDERED.
10
11
12                                    VAUGHN R WALKER
13                                    United States District Chief Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the Northern District of California

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

Kinney Kinmon Lau, et al.,          Case No: C 70-0627 LHB

                -v-                 **CERTIFICATE OF SERVICE**

        Hopp, et al.,

_____

    United States of America,

        Plaintiff-Intervenor,

_____ /

    I, the undersigned, hereby certify that I am an employee in the
                Office of the Clerk,
      U.S. District Court, Northern District of California.

That on February 20, 2007 I SERVED a true and correct copy(ies)
of the attached, by placing said copy(ies) in a postage paid
envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said
copy(ies) into an inter-office delivery receptacle located in the
Clerk's office.

Christopher Ho
The Legal Aid Society Employment Law Center
600 Harrison St., Ste 120
San Francisco, CA 94107

Dennis J. Herrera, City Attorney
Wayne Snodgrass
Vince Chhabria
Deputy City Attorneys
City Hall Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102

Jeremiah Glassman
Emily H. McCarthy
950 Pennsylvania Ave. N.W.
Washington D.C. 20530


Dated:February 20, 2007


                        Richard W. Wieking, Clerk
                        By: Cora Klein, Deputy Clerk
                        *Cora Klein*

1

## PROOF OF SERVICE

2

I, HOLLY TAN, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

4

5

On May 28, 2008, I served the following document(s):

6

**SUBSEQUENT CASE MANAGEMENT STATEMENT [CIVIL L.R. 16-10(d)]**

7

on the following persons at the locations specified:

8

**JEREMIAH GLASSMAN**
**EMILY H. MCCARTHY**

**CHRISTOPHER HO**
**Legal Aid Society of San Francisco**

9

**U.S. Department of Justice**
**Civil Rights Division**

**600 Harrison Street, #120**
**San Francisco, CA  94107-1387**

10

**Educational Opportunities Section, PHB**
**950 Pennsyslvania Avenue, N.W.**

**Telephone:  (415) 864-8848**
**Facsimile:  (415) 865-8199**

11

**Washington, D.C.  20530**
**Telephone:  (202) 514-4092**

12

**Facsimile:  (202) 514-8337**

13

14

in the manner indicated below:

15

☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

16

17

18

☐    **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the court.**

19

20

☐    **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

21

22

23

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

24

25

Executed May 28, 2008, at San Francisco, California.

26

HOLLY TAN

27

28

SUBSEQUENT CMS
USDC No. C70-0627 CW