ANURIMA BHARGAVA, Chief
EMILY H. MCCARTHY, DC Bar # 463447
ZOE M. SAVITSKY, CA Bar # 281616
Educational Opportunities Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, D.C.  20530
Tel:  (202) 305-3223
Fax:  (202) 514-8337
anurima.bhargava@usdoj.gov
emily.mccarthy@usdoj.gov
zoe.savitsky@usdoj.gov

Attorneys for the United States

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KINNEY KINMON LAU, et al., | |
| Plaintiffs, | Case No. C70-0627 CW |
| v. | JUDGE CLAUDIA WILKEN |
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Intervenors. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO APPROVE MODIFIED CONSENT DECREE**

1 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................... 4

II. BACKGROUND ............................................................................................................ 5

   A. **HISTORY OF THE LITIGATION** ........................................................................ 5

   B. **SFUSD'S IMPLEMENTATION OF THE MASTER PLAN AND COMPLIANCE CONCERNS RAISED BY THE PLAINTIFFS** ........................................................ 6

III. **THE MCD MEETS THE STANDARDS FOR APPROVAL AND PROVIDES FOR AN ORDERLY RESOLUTION OF THIS CASE IN THREE YEARS** ........................... 9

   A. **THE MCD IS FAIR, REASONABLE, EQUITABLE, AND LEGAL AND FURTHERS THE GOALS OF THE LAW THE PARTIES SEEK TO ENFORCE** .... 9

IV. **CONCLUSION** .............................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**
*Davis v. City and County of San Francisco*, 890 F.2d 1438 (9th Cir. 1989) .......................... 10, 13
*Lau v. Nichols*, 414 U.S. 563 (1974) ................................................................................................ 5
*Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501 (1986) ........................................................................................................................................ 10
*S.E.C. v. Randolph*, 736 F.2d 525 (9th Cir. 1984) ..................................................................... 10, 13
*See Sam Fox Publ'g Co. v. United States*, 366 U.S. 683 (1961) ..................................................... 10
*Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350 (9th Cir. 1990) ................. 10
*Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 834 F.Supp.2d 1004 (D. Haw. 2011) ........................................................................................................................................ 11
*United States v. Chevron U.S.A., Inc.*, 380 F.Supp.2d 1104 (N.D. Cal. 2005) ................. 10, 11, 13
*United States v. Montrose Chemical Corp. of Cal.*, 50 F.3d 741 (9th Cir. 1995) ........................ 10
*United States v. Montrose Chemical Corp. of California,* 793 F.Supp. 237 (C.D. Cal. 1992) .... 10
*United States v. Pacific Gas & Elec.*, 776 F.Supp.2d 1007 (N.D. Cal. 2011) ......................... 10, 11
*United States v. State of Or.*, 913 F.2d 576 (9th Cir. 1990) ................................................ 9, 11, 13

**STATUTES**
20 U.S.C. § 1701 *et seq.* ................................................................................................................... 5
20 U.S.C. §1703 ........................................................................................................................... 5, 10
42 U.S.C. § 2000d *et seq.* ................................................................................................................ 5

I. **PRELIMINARY STATEMENT**

Plaintiff Kinney Kinmon Lau, et al. ("Private Plaintiffs"), Plaintiff-Intervenor United States of America ("United States") (collectively, "Plaintiffs"), and Defendant San Francisco Unified School District ("SFUSD" or "District") (collectively, "the Parties"), by and through undersigned counsel, hereby jointly submit this Memorandum in support of their Joint Motion for Court approval of the proposed Modified Consent Decree ("MCD") in place of this Court's Order on September 11, 2008 ("2008 Court Order") [ECF No. 169]. The 2008 Order approved and required SFUSD to implement the Master Plan for Multilingual Education ("Master Plan") jointly submitted by the Parties on September 10, 2008 [ECF No. 168]. In response to ongoing concerns raised by Private Plaintiffs and the United States regarding SFUSD's compliance with the Master Plan, as well as to concerns identified by SFSUD regarding certain terms of that Plan, the Parties undertook to resolve their differences through a comprehensive assessment of the Master Plan's provisions and underlying goals rather than litigate areas of disputed compliance.

In 2012, the Parties commenced negotiations regarding implementation and possible revision of the Master Plan so as to better achieve its goals in light of Plaintiffs' compliance concerns and changes in SFUSD's circumstances that had occurred since 2008.[1] The result of those negotiations, carried out in good faith and at arm's length, is the MCD presented to the Court today. The Parties believe the MCD will position SFUSD realistically and effectively to achieve the goals of the Master Plan, comply with federal law, and bring this case to an orderly resolution in three years. In support of its entry, the Parties assert that the proposed MCD is fair, adequate, reasonable, consistent with federal law and public policy, and warranted by the changed circumstances described below and in the accompanying Joint Motion. The Parties

---

[1] For example, SFUSD has identified: changes in its overall processes, technology, and available resources; challenges faced by SFUSD in complying with certain provisions of the Master Plan; and changes to state policy and guidance for serving EL students since 2008.

4 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

therefore request this Court to approve and enter the proposed MCD in place of the 2008 court-ordered Master Plan.

## II. BACKGROUND

### A. HISTORY OF THE LITIGATION

Forty-one years ago, in this very case, the Supreme Court held that: "Basic English skills are at the very core of what [] public schools teach. Imposition of a requirement that, before a child can effectively participate in the educational program, he must already have acquired those basic skills is to make a mockery of public education." *Lau v. Nichols*, 414 U.S. 563, 566 (1974). That landmark holding determined that, in order for the nation's public schools to comply with their legal obligations under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, and its implementing regulations, these schools must take affirmative steps to ensure that English Learner ("EL") students can meaningfully participate in their educational programs and services. Consistent with *Lau*'s holding, Congress enacted the Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1701 *et seq.*, and therein required both local and state educational agencies to take appropriate action to overcome language barriers that impede equal participation by EL students in instructional programs. 20 U.S.C. §1703(f).

After the Supreme Court's ruling in 1974, SFUSD contracted with the Center for Applied Linguistics to assist the District in preparing the first Master Plan for Multilingual Education, and established a Citizens' Task Force, composed of education stakeholders and community representatives, to assist in the creation of that Master Plan. *See* Oct. 22, 1976 Consent Decree ("1976 Consent Decree") at 1. Throughout 1975, the Citizens' Task Force and the District worked to develop and approve the first Master Plan, which even then contemplated a District

with more than 18 distinct language groups. *Id.* at 1-2. On October 22, 1976, the Court approved the first Master Plan and Consent Decree. *Id.*

The Plaintiffs monitored the District's implementation of that Plan, including through the District's annual court reports. On August 24, 2006, the Court issued an order directing the Parties to indicate if continued reporting and judicial oversight remained necessary. Order of Aug. 24, 2006, at 2. The Parties agreed that both should continue, and the Court assigned the case to an active judge. Order of Feb. 20, 2007, at 2. The Plaintiffs also undertook a comprehensive review of the District's compliance with the 1976 Consent Decree and first Master Plan. Members of the Citizens' Task Force, which had been renamed the Bilingual Community Council ("BCC"), participated in the review.

The culmination of this review, which included site visits to District schools, data analysis, and settlement negotiations regarding the District's compliance, was the 2008 Master Plan. This Plan includes requirements for: how SFUSD identified, assessed, placed, instructed, and reclassified EL students, including gifted ELs and EL students with disabilities; how it trained its personnel to serve EL students; how it communicated with Limited English Proficient ("LEP") parents and parents of EL students; how internal and external oversight entities monitored the District's progress; and how the District reported on its progress to the Plaintiffs and the Court. The Parties jointly sought Court approval of this Plan on September 10, 2008.

**B. SFUSD'S IMPLEMENTATION OF THE MASTER PLAN AND COMPLIANCE CONCERNS RAISED BY THE PLAINTIFFS**

Since this Court approved the Master Plan, SFUSD maintains that it has expended considerable time, energy, and resources to implement the Plan. The Plaintiffs recognize SFUSD's commitment to serving its EL students and LEP families. However, based on the District's annual court reports and information gathered during site visits, interviews with

6 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

District personnel, and communications with SFUSD families and community stakeholders, the Plaintiffs have consistently had concerns about the District's compliance with the Plan.

In March 2010, May 2011, May 2012, and November 2014, the Plaintiffs conducted site visits, which included touring a selection of District schools with an EL education expert, interviewing principals and District administrators, and conducting community meetings and private interviews with parents and students regarding the District's policies and practices for serving ELs and their families. During and after those visits, meetings, and interviews, and reviews of annual reports, the Plaintiffs regularly communicated a number of compliance concerns through letters, emails, conference calls, and meetings.

Over the years, the Plaintiffs expressed several consistent concerns. Among other things, the District has: (1) missed deadlines for implementing numerous aspects of that Plan, such as providing critical training or guidelines; (2) failed to fully or consistently implement key elements of the Plan, including the timely identification and placement of every EL, the establishment of certain EL program pathways, and the provision of required English Language Development ("ELD") services to every EL; and (3) failed to consistently communicate with LEP parents in languages they understand, especially in the special education context. The United States provided the Parties with portions of an expert report and noncompliance letter in June of 2011, and a full expert report and detailed noncompliance letter in March 2012, which explained these and other concerns. *See* Letter from Emily H. McCarthy, Attorney for the United States, to Angela Miller and Mary Hernandez, Attorneys for SFUSD (July 25, 2011) (attached as Ex. 1); Letter from Zoe M. Savitsky, Attorney for the United States, to Angela Miller and Mary Hernandez, Attorneys for SFUSD (March 21, 2012) (attached as Ex. 2).

7 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

As it has consistently done, SFUSD responded to the concerns summarized above in an open and collaborative manner. Over the past few years, SFUSD has developed and distributed an annual "EL Program Guide" in the five top languages in SFUSD; developed "Guidelines for Appropriate Placement of Secondary Students," "ELD Placement Guidelines," "Guidelines to Assess EL Eligibility for GATE," and "Translation and Interpretation Guidelines"; produced forms for parents to request translation and interpretation; adopted of a Board policy requiring all teachers to obtain CLAD or BCLAD; provided some professional development to site administrators and teachers regarding ELD, primary language instruction, and SDAIE; implemented an EL Program Observation Monitoring Protocol; and developed a student database with, among other things, longitudinal EL program data.

Despite these positive steps, SFUSD recognizes the need to further improve its program for EL students to meet the goals of the Master Plan and to fulfill its federal obligations to EL students and LEP families. All Parties also recognize the need to update the Master Plan in light of current circumstances to accurately reflect SFUSD's EL policies and practices; its technologies, personnel, and capabilities; and the most recent changes to state law and guidance. Rather than litigate the disputed areas of compliance under that Plan, the parties have agreed upon the terms of the MCD as a way to fulfill SFUSD's federal obligations to EL students and families and bring this historic case to an appropriate close.

As the proposed MCD reflects, SFUSD has agreed to improve its identification, assessment, placement, instruction, and reclassification of EL students to ensure that all are timely identified and appropriately served until they meet valid and reliable exit criteria. SFUSD also has agreed to conduct additional training for its personnel who serve EL students, including gifted ELs and ELs with disabilities, and to improve its communications with Limited English

Proficient ("LEP") parents and parents of EL students. Consistent with prior orders, the MCD also provides for monitoring by all Parties and the BCC, as well as reporting on the District's progress to the Plaintiffs and the Court. In addition, the proposed MCD explicitly recognizes that its requirements, except where noted, apply to EL students in the District's Court and County schools, which educate the District's at-risk, detained, and incarcerated students.

The Parties agree that these and other changes in the MCD will position the District to demonstrate its compliance with the federal requirements in this case as well as significantly improve outcomes for EL students. The proposed MCD results from the Parties' extended negotiations to develop an approach that better effectuates the goals of the Master Plan by focusing on areas of disputed compliance, incorporating recent developments in the field of teaching linguistically diverse students, and accounting for certain changed circumstances in SFUSD. The Parties are confident that the proposed MCD, if implemented in good faith, will create an effective pathway for resolving this case over the next three years.

### III. THE MCD MEETS THE STANDARDS FOR APPROVAL AND PROVIDES FOR AN ORDERLY RESOLUTION OF THIS CASE IN THREE YEARS

The Court should approve the proposed MCD because it is fair to all Parties, adequate, reasonable in scope, consistent with federal law and public policy, and furthers the objectives of the law that the Parties seek to enforce. Further, the proposed MCD is faithful to the goals of the Master Plan and prior orders in this case, tailored to the changed circumstances, and designed to enable an orderly resolution of this case within three years.

#### A. THE MCD IS FAIR, REASONABLE, EQUITABLE, AND LEGAL AND FURTHERS THE GOALS OF THE LAW THE PARTIES SEEK TO ENFORCE

A consent decree must be "fair, adequate and reasonable . . . [and] conform to applicable laws." *United States v. State of Or.*, 913 F.2d 576, 580 (9th Cir. 1990), *distinguished on other*

*grounds, United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391 (9th Cir. 1992); *United States v. Chevron U.S.A., Inc.*, 380 F.Supp.2d 1104, 1110-11 (N.D. Cal. 2005); *see also Sierra Club, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (a consent decree must be "fair, reasonable and equitable," and must "not violate the law or public policy."); *Davis v. City and County of San Francisco*, 890 F.2d 1438, 1444 (9th Cir. 1989). A consent decree must also be in the public interest. *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). In addition, it must further the objectives of the law the Parties seek to enforce. *See Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986).

A District Court's review of a proposed consent order should be narrow in scope and entail a certain degree of deference. *See Sam Fox Publ'g Co. v. United States*, 366 U.S. 683, 689 (1961) ("[S]ound policy would strongly lead us to decline . . . to assess the wisdom of the Government's judgment in negotiating and accepting the . . . consent decree, at least in the absence of any claim of bad faith or malfeasance on the part of the Government in so acting.").

In assessing whether a consent decree is fair, adequate, and reasonable, courts review both procedural and substantive fairness. *See, e.g., United States v. Montrose Chemical Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir. 1995); *United States v. Pacific Gas & Elec.*, 776 F.Supp.2d 1007, 1024-25 (N.D. Cal. 2011); *Chevron U.S.A., Inc.*, 380 F.Supp.2d at 1110-11.

First, in evaluating procedural fairness, courts look to whether the process was "full of adversarial vigor," and whether the decree is the product of good faith, arms-length negotiation, rather than a product of collusion. *See Pacific Gas & Elec.*, 776 F.Supp.2d at 1025 (quoting *U.S. v. Telluride Co.*, 849 F.Supp. 1400, 1402 (D. Colo. 1994)); *United States v. Montrose Chemical Corp. of California,* 793 F.Supp. 237, 240 (C.D. Cal. 1992); *see also State of Or.*, 913 F.2d at

10 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

581. If the court finds that the decree is procedurally fair, then it is "presumptively valid." *State of Or.*, 913 F.2d at 581; *Pacific Gas & Elec.*, 776 F.Supp.2d at 1025.

The proposed MCD is procedurally fair. It is the product of extensive good-faith, arms-length negotiations to resolve a range of compliance issues that the Plaintiffs raised based on several site visits with experts on EL education contracted by the Department of Justice and in numerous letters, email communications, and telephonic conference calls. All Parties substantively contributed to the proposed MCD, and all Parties separately and vigorously represented the interests of their clients throughout the negotiation process.

Substantive fairness "mirrors the requirement that the consent decree be equitable." *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 834 F.Supp.2d 1004, 1017 (D. Haw. 2011) (quoting *Telluride Co.*, 849 F.Supp. at 1402), *distinguished on other grounds, Conservation Northwest v. Sherman*, 715 F.3d 1191 (9th Cir. 2013). In assessing substantive fairness, the court looks only to whether the proposed consent decree "represents a reasonable factual and legal determination." *State of Or.*, 914 F.2d at 581 (internal quotation omitted). The court need not determine whether "the settlement is one which the court itself might have fashioned, or considers ideal." *Chevron U.S.A., Inc.*, 380 F.Supp.2d at 1111 (quoting *U.S. v. Cannons Engineering Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)). Instead, court approval of a consent decree "is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *State of Or.*, 913 F.2d at 581 (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

With that said, to find a consent decree substantively fair, the court must be fully informed regarding the costs and benefits of the decree. *See Turtle Island Restoration Network*, 834 F.Supp.2d at 1017. In this case, the costs of litigation regarding disputed areas of

11 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

compliance with the 2008 Court Order and complex Master Plan would be high. Such litigation would involve multiple EL education experts, extensive supplemental discovery, the submission of competing reports and plans, and related attorneys' fees. And because the Department of Justice and the District are both public entities, all costs borne by either entity would come directly from the public fisc. In the case of the District, the costs would come out of the overall public funds available for the education of the District's students. In addition, litigation regarding compliance with the 2008 Court Order and Master Plan would significantly delay the relief in the proposed MCD that all Parties have agreed should be provided to the District's students and families by the start of the 2015-16 school year.

The proposed MCD's benefits vastly outweigh its costs. It represents a carefully negotiated compromise that provides comprehensive relief for EL students and LEP families. The MCD ensures that EL students are appropriately identified and placed as soon as they begin their schooling, provides families with a suite of service options for their EL students' education, wraps special protections around EL students with disabilities, requires that all District employees who serve EL students have training appropriate to their roles, protects the educational rights of the District's most at-risk and vulnerable students who are learning in alternative education or juvenile justice settings, sets clear expectations that the District will communicate with LEP families in a language that they understand, and builds out a robust monitoring structure. The Parties also can represent with confidence that the proposed MCD, if implemented in good faith, will permit the orderly dismissal of this case within three years.

The proposed MCD also conforms to applicable law and policy. The MCD is consistent with Title VI as interpreted by Federal courts and by the U.S. Departments of Justice and Education, which collectively enforce Title VI in the education context. *See* Jan. 7, 2015

Department of Justice and Department of Education Dear Colleague Letter: English Learner Students and Limited English Proficient Students (discussing Title VI and EEOA[2] requirements), *available at:* http://www.justice.gov/crt/about/edu/documents/eldcleng.pdf. The MCD is also consistent with state law and policy, including changes in state guidance since 2008, such as the rollout of the Common Core State Standards and the 2012 English Language Development Standards.

Finally, the proposed MCD is in the public interest. When consent decrees impact the public interest, courts have a "heightened responsibility" to protect those interests if they were not represented in the negotiating process. *State of Or.*, 913 F.3d at 581; *Davis*, 890 F.2d at 1444; *Randolph*, 736 F.2d at 529; *Chevron U.S.A.*, *Inc.*, 380 F.Supp.2d at 1111. In this case, the public interest is that all students, no matter their language background, have equal access to the education that SFUSD offers, and that families, no matter what language they speak, can participate in their child's education. Here, this public interest has been actively represented by the United States, consistent with its responsibilities to enforce Title VI and the EEOA. The specific interests of the Plaintiff class have been ably represented by Private Plaintiffs' counsel. The Parties agree that the public interest is served by the approval of the proposed MCD.

IV. **CONCLUSION**

For the reasons stated above, the United States, the Private Plaintiffs, and SFUSD urge this Court to approve the proposed MCD and order its immediate implementation.

Dated: June 24, 2015                Respectfully submitted,

                                    */s/ Zoe M. Savitsky*
                                    U.S. Department of Justice for Plaintiff-Intervenor
                                    United States of America

---

[2] The MCD is also consistent with the EEOA, 20 U.S.C. § 1703(f).

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

ANURIMA BHARGAVA, Chief
EMILY H. MCCARTHY, DC Bar # 463447
ZOE M. SAVITSKY, CA Bar # 281616
Educational Opportunities Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Patrick Henry Building, Suite 4300
Washington, D.C.  20530
Tel:  (202) 305-3223
Fax:  (202) 514-8337
anurima.bhargava@usdoj.gov
emily.mccarthy@usdoj.gov
zoe.savitsky@usdoj.gov

*/s/ Christopher Ho*
CHRISTOPHER HO, CA Bar # 129845
For Plaintiff Kinney Kinmon Lau, et al.
Legal Aid Society-Employment Law Center
180 Montgomery Street, Suite 600
San Francisco, California 94104
Tel: (415) 864-8848
Fax: (415) 593-0096
cho@las-elc.org

*/s/ Mary T. Hernandez*
MARY T. HERNANDEZ, CA Bar # 136942
For Defendant San Francisco Unified School District
Garcia, Hernández, Sawhney & Bermudez LLP
1330 Broadway, Suite 1701
Oakland, California 94612
Tel: (510) 695-2802
Fax: (510) 380-7704
mhernandez@ghsblaw.com

14 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Christopher Ho: cho@las-elc.org

Mary Hernandez: mhernandez@ghsblaw.com

I also certify that on June 24, 2015, I sent a true and accurate copy of the foregoing document to the following non-CM/ECF participants by email:

Marsha Chien: mchien@las-elc.org

Angela Miller: millera1@sfusd.edu

Dated: June 24, 2015                    */s/ Zoe M. Savitsky*
                                         Zoe M. Savitsky, CA Bar # 281616
                                         U.S. Department of Justice
                                         Educational Opportunities Section
                                         Civil Rights Division
                                         U.S. Department of Justice
                                         950 Pennsylvania Avenue, NW
                                         Patrick Henry Building, Suite 4300
                                         Washington, D.C.  20530
                                         Tel:  (202) 305-3223
                                         Fax:  (202) 514-8337
                                         zoe.savitsky@usdoj.gov

15 – Memorandum of Law in Support of Joint Motion to Approve MCD – C70-0627 CW